983 F.2d 1077
 1993 Copr.L.Dec. P 27,044
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul OLSEN, Plaintiff-Appellant,
v.
R.J. REYNOLDS TOBACCO COMPANY; Keith N. Thomas, Inc.
Defendants-Appellees.
 No. 91-55677.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Dec. 18, 1992.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Olsen, an illustrator, appeals the district court's summary judgment in favor of R.J. Reynolds Tobacco Company ("RJR") in his action for copyright infringement of a logo. The district court granted summary judgment in favor of RJR on the ground that Olsen assigned his copyright interest in the logo to KNT Plusmark, Inc. (formerly Keith N. Thomas, Inc.), the design corporation that provided services to RJR in the development of the packaging and logo design for RJR's "Magna" brand of cigarettes. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we review the district court's summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 * Facts
 
 
 4
 In 1984, RJR contracted with KNT to design the packaging for "Magna" cigarettes. KNT assigned to RJR all of its rights, including copyright ownership, in any work performed on the "Magna" project.
 
 
 5
 During the summer of 1985, RJR approved a logo designed by KNT employee Arthur Wang. KNT then hired Olsen, a commercial illustrator, to prepare a photocomposition of the logo. KNT provided Olsen with all of the features of the final logo, including the design, lettering style, color, and shading. RJR ultimately decided not to use Olsen's photocomposition because it did not reproduce well on cigarette packages.
 
 
 6
 During contract negotiations, Olsen requested the identity of the client and the product from KNT. Olsen guessed at the identity of the product several times, explaining to KNT that the amount of his fee depended upon whether the product would be distributed nationally. KNT told Olsen that at the client's request, it could not disclose the information.
 
 
 7
 Olsen then signed a one-page agreement that provided in pertinent part:
 
 
 8
 [T]he undersigned ("Contractor") agrees as follows:
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 2. Contractor agrees to assign and hereby does assign to KNT all its interest in all ideas and inventions, whether protectable by patents, trademarks, service marks, or copyright registrations or not, made or received by Contractor, solely or jointly with others, respecting or relating to any work performed for or at the request of KNT.
 
 
 12
 He also sent KNT a "release for unlimited use of the Magna logo" that provided in part that "[f]or ... $1500, the client may use the art as much and in any way they [sic] see fit via any medium (unlimited use), for an unlimited amount of time into the future." When he sent the letter to KNT, he included an invoice that stated in pertinent part: "COPYRIGHT RELEASE FOR UNLIMITED USE IN ALL MEDIA (AS PER LETTER TO YOU) 'MAGNA'[:] $1500."
 
 
 13
 In 1990, Olsen filed an application for a copyright registration for his photocomposition of the "Magna" logo, and the Copyright Office issued a certificate of registration. He subsequently filed this action in district court.
 
 II
 Analysis
 
 14
 Olsen first contends that documents that he signed do not constitute a valid transfer of his copyright interest in the logo because the agreement transfers only Olsen's interest in "ideas and inventions," which he asserts are not copyrightable. We disagree.
 
 
 15
 Although ideas cannot be copyrighted, expressions of ideas can be. See Eales v. Environmental Lifestyles, Inc., 958 F.2d 876, 880 (9th Cir.), cert. denied, 61 U.S.L.W. 3394 (1992). Olsen does not dispute that the only work he did for KNT was the photocomposition of the Magna logo. This work, which involves the expression of ideas, is copyrightable. See id.
 
 
 16
 Moreover, although a copyright transfer must be in writing under 17 U.S.C. § 204(a), this rule requires "neither protracted negotiations nor substantial expense.... [The writing] doesn't have to be the Magna Charta; a one-line pro forma statement will do." Effects Assocs. v. Cohen, 908 F.2d 555, 557 (9th Cir.1990), cert. denied, 111 S.Ct. 1003 (1991). The documents signed by Olsen meet this standard.
 
 
 17
 Finally, under California law, which governs the construction of this contract to the extent that it does not interfere with federal copyright law, we must read the contract as a whole and construe the contract's language in its ordinary and popular sense. Cal.Civ.Code §§ 1641, 1644; see S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1088 (9th Cir.1989); Barris Indus., Inc. v. Worldvision Enter., Inc., 875 F.2d 1446, 1449-51 (9th Cir.1989); Campbell v. Trustees of Leland Stanford Junior Univ., 817 F.2d 499, 504 (9th Cir.1987). Applying this standard to the parties' contract, we hold that the contract manifests the parties' intent that Olsen transfer all interest, including any copyright interest, in the work he performed for KNT.
 
 
 18
 Olsen also contends that KNT induced the transfer fraudulently by not revealing the identity of the client or the product despite Olsen's repeated requests for information. This contention is meritless. Olsen contracted with KNT with full knowledge that KNT would not disclose the identity of the product or the client.[1]
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 RJR asserts that we may affirm the district court's summary judgment on the alternative ground that RJR did not infringe upon Olsen's copyright. Although we have serious doubts as to whether Olsen's logo is sufficiently original to be entitled to copyright protection or whether RJR copied his work, we do not address this issue because we affirm on the ground that Olsen transferred any copyright interest